JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL ARROYO,<br><br>            Plaintiff,<br><br>     v.<br><br>CPLG PROPERTIES L.L.C., a Delaware Limited Liability Company; COREPOINT TRS L.L.C., a Delaware Limited Liability Company; LQ MANAGEMENT L.L.C., a Delaware Limited Liability Company; and Does 1-10,<br><br>            Defendants. | Case No. 8:20-cv-02450-DOC-(DFMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [26]**<br><br>Complaint Filed: Nov. 25, 2020<br>FAC Filed: Mar. 11, 2021 |

    Defendants CPLG Properties L.L.C., Corepoint TRS L.L.C., and LQ Management L.L.C.'s ("Defendants") Motion to Dismiss the First Amended Complaint ("FAC") ("Motion") came on for hearing on June 7, 2021 at 8:30 a.m. Having considered the moving, opposition, and reply papers, and the oral arguments of counsel, the Court hereby GRANTS Defendants' Motion.

A. Request for Judicial Notice

As an initial matter, Defendants have asked that this Court take judicial notice of the following: the consent decree entered in *U.S. v. Hilton Worldwide Inc.*, No. 10-1924, ECF No. 5 (D. D.C. Nov. 29, 2010) (the "HWI Consent Decree"); the consent decree entered in *Harris v. Wyndham Hotel Group, LLC, et al.*, No. 5:16-cv-04392-BLF, ECF No. 69 (N.D. Cal. Feb. 20, 2018) (the "WHG Consent Decree"); the complaints filed in a list of lawsuits asserting similar or identical claims to those asserted in the instant case by Plaintiff and Plaintiff's law firm; and, images of the accessible amenities tab and accessible room descriptions taken from Defendants' website (the "Website"), the address of which is cited in the FAC and the content of which is described and characterized in the FAC. When ruling on a Rule 12(b)(6) motion to dismiss, a court may, without converting the motion to one for summary judgment, consider, *inter alia*, "matters of judicial notice[.]" *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

The accessible amenities information and room descriptions from Defendant's Website are referred to in the FAC, and the FAC reproduces one such description in its entirety. Indeed, there is no question that the content of the Website's accessibility information is the very foundation of this lawsuit. Courts may take judicial notice of documents referenced in the complaint and central to a party's claims. *See Daniels-Hall v. Nat'l Educ. Ass'n* 629 F.3d 992, 998 (9th Cir. 2010); *Quinto v. JP Morgan Chase Bank*, 2011 WL 809314, at *2 (N.D. Cal. 2011). Moreover, this Court may take judicial notice of "publically accessible websites[.]" *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014); *Bradford v. Vella-Lopez*, No. 1:11-CV-00990-AWI, 2014 WL 6963616, at *5 n.6 (E.D. Cal. Dec. 9, 2014), *report and recommendation adopted*, No. 1:11-CV-00990-AWI, 2015 WL 153813 (E.D. Cal. Jan. 12, 2015) (*citing In re Yahoo Mail Litigation*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014)).

The existence of the HWI Consent Decree, WHG Consent Decree, and recent lawsuits filed by Plaintiff and Plaintiff's counsel are also proper subjects of judicial

notice. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) ("We may take judicial notice of court filings and other matters of public record."); *Heredia v. W. Valley Staffing Grp.*, No. 16-CV-06777-HRL, 2017 WL 766720, at *2 (N.D. Cal. Feb. 28, 2017) (taking judicial notice of plaintiff's two prior state court complaints filed against same defendant, as well as 7 complaints in state and federal court raising claims against other defendants).

Accordingly, this Court GRANTS Defendant's Request for Judicial Notice, and this Court will consider the materials so noticed in evaluating the instant motion.

B. First Cause of Action: Violation of the Americans with Disabilities Act

Defendants, according to the FAC, own and operate the La Quinta Inn & Suites located at 3 Centerpointe Dr., La Palma, California (the "Hotel"). The FAC alleges that the Website violates the Americans with Disabilities Act ("ADA"), specifically, a 2010 regulation promulgated thereunder pertaining to hotel reservations. *See* 8 C.F.R. § 36.302(e)(1) (the "Reservations Rule"). The Reservations Rule states that a hotel must:

> Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

The United States Department of Justice's commentary to the Reservations Rule, however, states the Department's view that "a reservations system is not intended to be an accessibility survey." 28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis" (the "2010 Guidance"). Very recently, courts in this circuit in nineteen different cases, in which plaintiffs (including Plaintiff in this case) asserted nearly identical claims to that asserted in this action, have applied the 2010 Guidance in rejecting these claims and dismissing the complaints with prejudice. These courts concluded that the information provided on the websites at issue — which, in each case, was materially indistinguishable from the information on Defendants' Website —

3

complied with the ADA.[1] *See*, *e.g.*, *Arroyo* at 5 (rejecting a complaint asserting the same legal theory as that alleged in the instant case where hotel website provided similar level of detail as the Hotel); *id.* at 4-5 ("[a] website need not list its compliance or non-compliance with every ADAAG provision to satisfy" the Reservations Rule); *Apple Ten* at 5 (dismissing nearly identical complaint alleging violation of the Reservations Rule; concluding that materially indistinguishable hotel website content from that provided by Defendant "more than satisfies" the requirements of the ADA). *See also Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *9-*10 (N.D. Cal. Feb. 16, 2017) (finding that similar level of detail on hotel website was "appropriate and acceptable" under the 2010 Guidance); *Strojnik v. Kapalua Land Co. LTD*, No. CV 19-00077 SOM-KJM, 2019 WL 4685412, at *7 (D. Haw. Aug. 26, 2019), *report and recommendation adopted sub nom. Strojnik v. Kapalua Land Co. Ltd.*, No. CV 19-00077-SOM-KJM, 2019 WL 4684450 (D. Haw. Sept. 25, 2019), *aff'd*, 801 F. App'x 531 (9th Cir. 2020) (observing that there is "no legal authority providing that failure to detail all accessible and inaccessible elements of a public accommodation results in an ADA violation"); *Strojnik v. Orangewood*, No. 8:19-cv-00946, ECF No. 43 (C.D. Cal. Jan. 22, 2020), *aff'd*, 829 F. App'x 783 (9th Cir. 2020) ("a website need not list its compliance or non-compliance with every ADAAG provision to satisfy [the Reservations Rule]");

---

[1] *See Garcia v. SL&C Ontario, LLC*, No. 5:21-cv-00061-JGB-KK, ECF No. 12 (C.D. Cal. Mar. 26, 2021); *Garcia v. E.L. Heritage Inn of Sacramento*, No. 2:20-cv-02162-JAM-DB, ECF No. 17 and 18 (E.D. Cal. Mar. 23, 2021); *Lammey v. Spectrum Gateway Hotels*, No. 8:21-cv-00104-DOC-KES, ECF No. 19 (Mar. 22, 2021); *Love v. KSSF Enterprises LTD, et al.*, No. 20-cv-08535-LB, ECF No. 27 (N.D. Cal. Mar. 18, 2021); *Arroyo v. AJU Hotel Silicon Valley LLC, et al.*, No. 4:20-cv-08218-JSW, ECF No. 24 (N.D. Cal. Mar. 16, 2021); *Garcia v. Chamber Maid L.P. et al.*, No. 2:20-cv-11699-PA-PD, ECF No. 20 (C.D. Cal. Mar. 15, 2021); *Love v. Marriott Hotel Services, Inc.*, No. 3:20-cv-07137-TSH, ECF No. 24 (N.D. Cal. Mar. 3, 2021); *Love v. Gates Hotel, Inc.*, No. 3:20-cv-07191-SI, ECF No. 14 (N.D. Cal. Mar. 2, 2021); *Garcia v. Gateway Hotel L.P.*, No. 20-10752-PA-JGS, ECF No. 23 (C.D. Cal. Feb. 25, 2021); *Arroyo v. JWMFE Anaheim, LLC*, No. 8:21-cv-00014-CJC-KES, ECF No. 17 (C.D. Cal. Feb. 16, 2021) ("*JWFME*"); *Salinas v. Apple Ten SPE Capistrano, Inc.*, No. 8:20-cv-02379-CJC-DFM, ECF No. 14 (C.D. Cal. Feb. 18, 2021) ("*Apple Ten*").

*Strojnik v. Xenia Hotels & Resorts, Inc.*, No. 19-CV-03082-NC, 2020 WL 3060761, at *3 (N.D. Cal. June 9, 2020) ("it is not clear that the ADA requires [a hotel] to list its compliance or noncompliance with each and every ADA-mandated feature") (citing *Barnes*, 2017 WL 5257868, at *9-*10); *Rutherford v. Evans Hotels, LLC*, No. 18-CV-435 JLS (MSB), 2020 WL 5257868, at *16 (S.D. Cal. Sept. 3, 2020) ("[t]he Department of Justice's own guidance concerning [the Reservations Rule] recognizes that, for hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room … .") (quoting 2010 Guidance) (internal quotation marks omitted).

Under the 2010 Guidance, "[f]or hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (*e.g.*, deluxe executive suite), the size and number of beds (*e.g.*, two queen beds), the type of accessible bathing facility (*e.g.*, roll-in shower), and communications features available in the room (*e.g.*, alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations." *Id.* "For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms." 28 C.F.R. Pt. 36, App. A. This Court joins the numerous other courts in this district and circuit to have accorded the DOJ guidance deference, and accords deference to the DOJ's construction of the scope of the Reservations Rule. *See*, *e.g.*, *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) ("The DOJ's interpretation of its ADA implementing regulations is entitled to controlling weight unless it is plainly erroneous or inconsistent with the regulation."). The Department took the same position regarding the Reservation

Rule's requirements in an enforcement action shortly after promulgating the 2010 Guidance. *See* HWI Consent Decree, Def. Request for Judicial Not., Ex. 1.

The FAC does not illuminate how the accessibility information provided on the Website falls short under the 2010 Guidance. To the contrary, the FAC acknowledges that the Website contains a list of "Accessible Amenities," which affirmatively identifies which of the Hotel's major common areas are accessible (*e.g.*, the business center, front desk, public entrance, fitness center, restaurant, pool). *See* FAC, ¶ 22; Def. Request for Judicial Not., Ex. 4. The Website indicates that the routes of travel to numerous areas of the Hotel, and to the accessible guestrooms, are accessible. *Id.* The Website further specifies that accessible guestroom doorways are 32 inches wide. *Id.* With respect to the accessible guestrooms, this Court's review of the accessible guestroom description reproduced in the FAC, as well as those contained in Exhibit 5 to Defendant's Request for Judicial Notice, leads the Court to conclude that the information provided is more than sufficient. Each description indicates the type of room, the size and number of beds, that the room is mobility and hearing accessible, and describes the type of accessible bathing fixture. *See* FAC, ¶ 28; Def. Request for Judicial Not., Ex. 5. While not required by the Reservations Rule, the Hotel also provides further detail regarding the accessibility features of the bathrooms, such as the presence of bathroom grab bars and bathtub seats. *Id*. The descriptions also indicate the presence of visual and audible emergency alarms and describe the rooms' proximity to the elevators. *Id.*

In sum, the Website provides detailed accessibility information about the Hotel's common facilities and guestrooms, above and beyond the requirements of the 2010 Guidance. Nothing in the 2010 Guidance or Reservations Rule requires the Hotel to specifically provide accessibility "data" related to the bed, toilet, or sink. Additionally, although the FAC claims that the Hotel's description of its accessible common facilities is inadequate because the word "accessible" is conclusory, the Hotel's description of specific common area elements, spaces, and routes of travel as "accessible" complies with the Reservations Rule and the DOJ's guidance. Moreover, the FAC does not

identify what, if any, additional accessibility information about the common facilities or amenities Plaintiff required in order to assess whether the Hotel met his needs.

Accordingly, the Court GRANTS Defendants' motion to dismiss the First Cause of Action and DISMISSES the First Cause of Action with prejudice.

### C. Second Cause of Action: Violation of the Unruh Civil Rights Act

The FAC also asserts a claim under California's Unruh Civil Rights Act, Cal. Civ. Code §§ 51-53, predicated on the alleged violation of the ADA. *See* FAC, ¶¶ 43, 44 (alleging that Defendant violated the Unruh Act by "failing to comply with the ADA").

In this case, however, for the reasons already discussed, Plaintiff's ADA claim fails as a matter of law. Absent a viable ADA claim, the dependent Unruh Act claim must also be dismissed. *See Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1175 n.2 (9th Cir. 2021) (because Unruh Act "is coextensive with the ADA[,]" analysis of sufficiency of ADA claim "applies equally to [the plaintiff's] Unruh Act claim") (internal quotation marks and citation omitted); *Cullen v. Netflix, Inc.*, 600 F. App'x 508, 509 (9th Cir. 2015) (where ADA claim was properly dismissed, analog "ADA-predicated . . . Unruh Civil Rights Act claim fail[s] as a matter of law").

### D. Conclusion

The Courts GRANTS Defendants' motion to dismiss and DISMISSES Plaintiff's claims with prejudice without leave to amend.

IT IS SO ORDERED.

DATED: June 3, 2021

*David O. Carter*

David O. Carter
United States District Judge